tion of the written agreement. The discretion of the justice was properly exercised in opening the default, but a mistake was made in denying the motion for a retaxation of costs. There is no authority in the taxing officer to allow costs to the defendant; except where the party has appeared by an attorney at law, who filed a verified pleading, or a written notice of appearance (section 332, Municipal Court Act [Laws 1902, p. 1585, c. 580]), and as the defendant did not file a verified pleading and neglected to file a written notice of appearance, it follows that the costs were improperly taxed, and plaintiff's motion should have been granted.

The judgment of the Municipal Court and order opening the default are affirmed, without costs. The order denying plaintiff's motion for a retaxation is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(129 App. Div. 426.)

### VOLLMER v. HAYES MACH. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. SALES (§ 393*)—PERFORMANCE.

Under a contract to construct a machine, the balance of the price to be paid on delivery, no delivery having been tendered, the manufacturer would have no basis for a counterclaim in an action by the other party to recover the advance payment.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 393.*]

2. SALES (§ 391*)—PERFORMANCE—RECOVERY OF ADVANCE PAYMENT.

An advance payment on a machine to be constructed may be recovered, where the machine is not completed and delivery offered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1123; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Wilhelm Vollmer against the Hayes Machine Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Jonathan Deyo, for appellant.

Joshua Haberman, for respondent.

WOODWARD, J. There is no dispute that the plaintiff went to the defendant and entered into a contract for the construction of a special machine at the agreed price of $200; the plaintiff submitting plans and a rough working model, and the defendant rendering a bill for the same for the agreed amount, and acknowledging in such bill the receipt of $100 on account. It is likewise not disputed that the defendant has not delivered the machine, but has refused to do so. The plaintiff brings this action to recover the amount of his payment, and the defendant counterclaims for $166.22; it being alleged that subsequent to the making of the contract the plaintiff ordered various changes in the work, which largely increased the cost, that the plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was told these changes would increase the cost, and that when the defendant demanded the payment of more money, which plaintiff refused to pay, the work was suspended. There was a clear conflict of evidence; the plaintiff denying that he ordered any changes subsequent to the making of the contract, and the defendant producing a witness who testified to various changes. The defendant appeals from the judgment in favor of the plaintiff.

The defendant has never completed the machine and offered it for delivery, and it is doubtful if he would be entitled to recover anything for the work performed, assuming the changes to have been ordered, without fulfilling the contract as modified. There is no evidence of any modification of the contract as to the payments. The bill was rendered for $200, with a credit of $100 on account, which clearly implied the condition that the balance of the sum was to be paid. upon the delivery of the machine. No delivery having been tendered, and the defendant refusing to deliver, it would have no basis for an action to recover on the counterclaim. There is no dispute that it has not made and delivered the machine which it contracted to make and deliver, and the plaintiff is therefore entitled to recover his advance payment. The judgment appealed from should be affirmed, with costs. All concur.